**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**James R. DUMPSON, Commissioner of Welfare of the City of New York, Jane Lewittes and Baruch Lewittes, Defendants.**

United States District Court
S. D. New York.

May 5, 1961.

Tanner, Friend, Kinnan & Post, New York City, for plaintiff; David R. Crow, New York City, of counsel.

Charles H. Tenney, Corp. Counsel, New York City, for James R. Dumpson, Commissioner of Welfare of the City of New York; Daniel Z. Nelson, Rose Schneph, Francis X. Galdi, Judah Gribetz, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

This is an action of interpleader under 28 U.S.C. §§ 1335, 1397 and 2361, brought by the Metropolitan Life Insurance Company, a mutual life insurance company organized and existing under the laws of New York with its principal place of business in New York, as stakeholder of the

cash surrender value of an insurance policy issued on the life of Baruch H. Lewittes. Demands have been made on Metropolitan for the payment of the cash surrender value by Lewittes, the insured, by Jane Lewittes, his wife and the beneficiary of the policy, and by James Dumpson, as Commissioner of Welfare of New York City for the benefit of and on the complaint of Jane Lewittes. Metropolitan has named all three. as defendants.

Jane Lewittes and Dumpson are both citizens of New York and Baruch Lewittes is alleged to be a citizen of California. The cash surrender value of this policy is $3,716.87 and that sum has been deposited by Metropolitan in the Registry of this Court.

The claims of Jane Lewittes and Dumpson arise out of the desertion of his wife by Lewittes during February 1960. On October 26, 1960, on the complaint of the wife, a warrant was issued out of the New York City Domestic Relations Court, Family Court, Borough of Manhattan, for the apprehension of the absconding husband. That warrant remains unexecuted. On December 8 the Commissioner of Welfare instituted a proceeding in Family Court for the Borough of Manhattan pursuant to §§ 921 and 922 of the New York Code of Criminal Procedure [1] for the seizure of any property located in New York owned by the absconding husband. In a supporting affidavit Jane Lewittes reviewed the events of her marriage, the desertion by her husband and her lack of means of support, leaving her in danger of becoming a public charge. She requested the court to issue a warrant of seizure authorizing the Commissioner of Welfare to seize the proceeds of the cash surrender value of the life

insurance policy issued by Metropolitan on the life of Baruch Lewittes.

On December 8 the Commissioner's petition was granted on the concurrence of two Justices of the Domestic Relations Court and a warrant was issued authorizing him to seize the cash surrender value of the policy. The warrant, returnable to the Court of General Sessions, New York County, was served on Metropolitan the same day.

In addition to the claim made by the Commissioner, Metropolitan had received in August a demand from Baruch Lewittes for payment of the cash surrender value of the policy. Lewittes' demand was made by letter bearing a return address in care of an attorney in Los Angeles. Lewittes did not surrender the policy which was apparently not in his possession but in the possession of his wife. Payment was not made.

On December 27 Metropolitan commenced this action of interpleader and obtained an order to show cause on January 26, 1961 why the named defendants should not be enjoined from instituting or prosecuting any suits or proceedings relating to this policy against Metropolitan in any other federal or state court, and why Metropolitan should not be discharged from further liability. The order to show cause contained temporary restraining provisions. It required that service of process with a copy of the order and the bill of interpleader be made on defendants on or before January 16, 1961. Service was made on Dumpson on December 28 and on Jane Lewittes on December 30. It was not possible to serve Lewittes since he could not be found.

On February 1, by order of Judge Edelstein, the motion was adjourned until

---

[1]. § 921. "a. When the father, or the mother, absconds from the children, or a husband from his wife, or a wife from her husband, leaving any of them chargeable or likely to become chargeable upon the public, the chief public welfare officer of the city, county or town may apply to any two justices of the peace or police justices in the county in which any real or personal property of the father, mother, husband or wife is situated, for a

warrant to seize the same. Upon due proof of facts, the magistrate must issue his warrant, authorizing the officers so applying to take and seize the property of the person so absconding."

Section 922 establishes the procedures for the seizure of property by the public officer applying for the warrant of seizure and establishes his rights in the property seized.

February 14 and the date for service of process was extended to February 10. Service has still not been made on Lewittes.

On January 19 defendant Dumpson moved under Rule 12(b), F.R.Civ.P., 28 U.S.C., to dismiss the action and for an order dissolving the temporary restraining order. The Dumpson motion and the Metropolitan motion were heard together before me on February 15.

The motion to dismiss must be granted.

■■ Interpleader is an action in personam which brings about a "final and conclusive adjudication of * * * personal rights" and requires that a claimant to the fund be brought before the court in order for a judgment to be binding upon him. New York Life Insurance Co. v. Dunlevy, 241 U.S. 518, 521, 36 S. Ct. 613, 60 L.Ed. 1140. See, also, Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. Since plaintiff has failed to perfect service on Baruch Lewittes this court is without jurisdiction as to him and cannot render any judgment in respect of the fund deposited with the court which would be binding upon him. Baruch Lewittes is an indispensable party to this action as the conflicting claims to the fund on deposit cannot be resolved without him. The failure of plaintiff to bring him before the court requires dismissal of the complaint. Rule 12(b) (7), F.R. Civ.P. See, also, Rule 19; 3 Moore's Federal Practice, p. 2101, et seq. (2 ed. 1948).

■■ Furthermore, Federal District Court jurisdiction in an interpleader action under 28 U.S.C. § 1335 is dependent upon diversity of citizenship of two or more adverse claimants. Though Metropolitan's bill of interpleader sufficiently alleges such diversity and suit is commenced by filing the bill (Rule 3, F.R. Civ.P.), the court does not have jurisdiction until adverse claimants of diverse citizenship are brought before it by service of process in compliance with 28 U.S. C. § 2361. See Treinies v. Sunshine Mining Co., 308 U.S. 66, 71, 60 S.Ct. 44, 84 L.Ed. 85. Rules 3 and 4 of the Federal Rules of Civil Procedure must be read together. "They contemplate filing of the complaint and service of process with a copy of the plaintiff's pleading in order to commence an action, i. e., to make a named defendant a party." Defelice & Son v. Globe Indemnity Co., D.C.S.D.N.Y., 23 F.R.D. 275, 278.

Presently, the only parties before the court in this action are citizens of New York. Jane Lewittes and Dumpson are not claiming adversely to one another and Metropolitan claims to be a disinterested, nominal party.

Metropolitan filed this bill of interpleader more than four months ago. It was required, on the basis of its own request, granted by the court, to complete service of process no later than February 10. As matters now stand this court has no power to proceed with Metropolitan's motion for a permanent injunction against Baruch Lewittes nor can it discharge Metropolitan from its liability under the policy as to that claimant. Moreover, the court may not adjudicate the rights of Jane Lewittes and Dumpson to this fund until the only person claiming adversely to them is made a party to the action.

■■■ Continuation of the order currently restraining Dumpson from proceeding under the warrant of seizure issued by the Domestic Relations Court would be unwarranted. Jane Lewittes is apparently without means of support and any additional delays may work great hardship on her. The procedures contained in §§ 921 and 922 of the New York Code of Criminal Procedure have been found to be constitutional by the United States Supreme Court. See Corn Exchange Bank v. Coler, 280 U.S. 218, 50 S.Ct. 94, 74 L.Ed. 378. In addition, Metropolitan is amply protected from the possibility of double liability should Baruch Lewittes bring suit in some other state. The holding of the Supreme Court in Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023, requires that full faith and credit be accorded to the New York proceedings by all other states and

should render Metropolitan immune from further liability on this aspect of the policy.

The motion of defendant Dumpson to dismiss the action is granted and the temporary restraining order enjoining the defendants from instituting or prosecuting suits or proceedings in any other federal or state courts is dissolved.

Settle order on notice.