John FOX

v.

Francis X. McLAUGHLIN and Edward
H. Schoyer, Esq.

Civ. A. No. 61–175.

United States District Court
W. D. Pennsylvania.

June 30, 1961.

No appearance for plaintiff.

John A. Metz, Jr., Pittsburgh, Pa., for
Francis X. McLaughlin.

James Morton, Pittsburgh, Pa., for
Edward H. Schoyer.

McILVAINE, District Judge.

In this case the plaintiff filed a complaint on March 23, 1961, in which he seeks to recover the sum of $5,159.52, which is alleged to have been in the custody of defendant Schoyer. Plaintiff alleges that there has been assigned to him the claim to this sum of money held by Schoyer. Plaintiff seeks judgment against defendant McLaughlin and a judgment against defendant Schoyer for the sum of $5,159.52.

Motions to dismiss were filed on April 6, 1961, by defendant McLaughlin, alleging that the Court did not have jurisdiction over the subject matter, and that the amount in controversy was less than $10,000, and because there was lack of diversity of citizenship.

Thereafter, with notice to the plaintiff, counsel for the plaintiff petitioned the Court to withdraw its appearance. This motion was allowed. Defendants' motion to dismiss came on for hearing for argument before this Court on May 15, 1961, at 10:00 a. m. Plaintiff was given notice of this hearing, but failed to appear. There was a request at 10:00 a. m. on plaintiff's behalf that the hearing be adjourned until 2:00 p. m. This was allowed, nevertheless, plaintiff still failed to appear to prosecute its action.

We feel that the plaintiff has failed to prosecute its action and has failed to comply with the rules and orders of this Court in that plaintiff failed to appear at the time set for argument to present his side of the case. Accordingly, under Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C. the action instituted by the plaintiff should be dismissed.

It also appears that even if this motion be considered on its merit, it is perfectly obvious that there has been no service of process upon defendant Francis X. McLaughlin, a citizen of Maryland. Hence, there is no jurisdiction in this Court to entertain the case because the defendant McLaughlin simply is not before the Court.

In addition, the claim for money as to defendant Schoyer only amounts to $5,-

159.52. This is less than the jurisdictional amount; and even if this action be considered *in rem* action, the amount in controversy does not come up to the requirements of Congress. Accordingly, there can be no jurisdiction in this Court.