Alexander J. SALERNO and William Valentine, Plaintiffs,

v.

AMERICAN LEAGUE OF PROFESSIONAL BASEBALL CLUBS, an unincorporated association, Joseph E. Cronin, individually and as President of the American League of Professional Baseball Clubs, Bowie Kuhn, individually and as the Commissioner of Baseball, and Paul Porter, Defendants.

No. 69–Civ. 4162.

United States District Court,
S. D. New York.

Dec. 10, 1969.

Joseph Kelner, New York City for plaintiffs.

Donovan, Leisure, Newton & Irvine, New York City, for defendant Bowie K.

Kuhn; George S. Leisure, Jr., Paul E. Goodspeed, New York City, and Edgar H. Brenner, Arnold & Porter, Washington, D. C., of counsel.

## MEMORANDUM

CROAKE, District Judge.

This is an action for damages against the above-named defendants for alleged violations of the Sherman Anti-Trust Act (15 U.S.C. Sections 1 and 2), and the Clayton Act (15 U.S.C. Sections 15 and 26), arising out of the "unlawful dismissal and boycott" of plaintiffs from employment as American League Baseball umpires by defendants who, the complaint alleges, are "conducting * * * organized professional baseball as an illegal agreement, combination and conspiracy in restraint of trade and as a monopoly in violation of (the above-named acts)." Action was commenced in this Court by the filing of a complaint on September 23, 1969, which was served upon Bowie K. Kuhn, as individual defendant and Commissioner of Baseball on October 3, 1969. The other named defendants who have not been served in this action are, the American League of Professional Baseball Clubs (American League), an unincorporated association, Joseph E. Cronin, individually and as President of the American League, and Paul Porter.

Defendant, Bowie K. Kuhn, brings on this motion, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, seeking an order to dismiss the action against himself on the following grounds:

1. The court lacks jurisdiction of the subject matter in this action.

2. The complaint fails to state a claim against defendant upon which relief may be granted.

3. The venue in this action has not been properly laid.

With regard to jurisdiction, plaintiffs allege, first, that "jurisdiction is conferred upon this Court by reason of diversity of citizenship," and, second, that "this action arises under the anti-trust laws of the United States."

■ In order for the Court to have subject matter jurisdiction under 28 U.S.C. Sec. 1332, it is necessary that there be complete diversity of citizenship, which has been interpreted to mean that the citizenship of each plaintiff must be diverse from that of each defendant. Levering & Garrigues Co. v. Morrin, 61 F.2d 115 (2d Cir. 1932), aff'd 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933); John Birch Society v. National Broadcasting Co., 377 F.2d 194 (2d Cir. 1967); Potter's Photographic Applications Co. v. Ealing Corporation, 292 F. Supp. 92 (S.D.N.Y.1968).

The complaint in this case alleges that plaintiff Salerno and defendant Kuhn are each citizens of New York State. Plaintiff further alleges that defendant American League is an unincorporated association whose members, other than the New York Yankees, are "citizens of * * * various states other than New York." It is therefore conceded that one member of the unincorporated association of the American League, the New York Yankees, is a resident of New York. Although there is some question as to whether defendant Kuhn is an actual resident of New York, plaintiff Salerno and defendant American League, through its member, the New York Yankees, are in fact both residents of New York State.

■ It is well established that the citizenship of an unincorporated association is determined by the residence of all its individual members and that complete diversity cannot exist unless each member of an unincorporated association is a citizen of a state other than that of each plaintiff. See United Steelworkers of America v. R. H. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); Rosenthal & Rosenthal, Inc. v. Aetna Casualty & Surety Co., 259 F.Supp. 624 (S.D.N.Y.1966); Fine v. Philip Morris, Inc., 239 F.Supp. 361 (S.D.N.Y.1964).

■ Moreover, the fact that the above-named defendant, American League, has not been served does not affect the consideration of its citizenship as a party in determining the existence of diversity in this action. Oppenheim v. Sterling, 368 F.2d 516 (10th Cir. 1966), cert. denied, 386 U.S. 1011, 87 S.Ct. 1357, 18 L.Ed.2d 441 (1967).

■ Consequently, there can be no complete diversity in the present case and this Court lacks jurisdiction of the subject matter pursuant to 28 U.S.C. Sec. 1332.

■ Plaintiffs base their second grounds for jurisdiction on Sec. 4 of the Clayton Act (15 U.S.C. Sec. 15), which provides as follows:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy * * *."

In attempting to establish jurisdiction under the above section of the Clayton Act, plaintiffs seek what they consider to be a necessary re-evaluation of the decision of the United States Supreme Court in Federal Baseball Club v. National League, 259 U.S. 200, 42 S.Ct. 465, 66 L.Ed. 898 (1922), in which the Court exempted professional baseball from the federal antitrust laws. Plaintiffs point out that the Supreme Court decision of *Federal Baseball, supra,* was decided at a time when baseball was clearly not an interstate business and that today baseball has grown to such a degree that it "is conducted substantially in interstate commerce."

While plaintiffs' argument is somewhat appealing, this Court considers itself bound by the United States Supreme Court decisions of *Federal Base-ball, supra,* and Toolson v. New York Yankees, Inc., 346 U.S. 356, at 357, 74 S.Ct. 78, at 79, 98 L.Ed. 64 (1953), where the Court states:

"Without re-examination of the underlying issues, the judgments below are affirmed on the authority of * * * (Federal Baseball) so far as that decision determines that Congress had no intention of including the business of baseball within the scope of the federal antitrust laws."

Moreover, in three cases subsequent to *Toolson, supra,* the United States Supreme Court has clearly stated that any action involving the expansion or contraction of the exemption of baseball from the federal antitrust laws must come from Congress. United States v. Shubert, 343 U.S. 222, 230, 75 S.Ct. 277, 99 L.Ed. 279 (1955); United States v. International Boxing Club, 348 U.S. 236, 243, 75 S.Ct. 259, 99 L.Ed. 290 (1955); Radovich v. National Football League, 352 U.S. 445, 451, 77 S.Ct. 390, 1 L.Ed. 2d 456 (1957).

Since baseball is exempt from the federal antitrust laws by decision of the United States Supreme Court, this complaint fails to state a claim against defendant upon which relief can be granted.

■■ Having found that no diversity of citizenship exists under 28 U.S.C. sec. 1332 and having found that organized baseball does not fall within the scope of the federal antitrust laws, this Court lacks jurisdiction of the subject matter, which is an absolute prerequisite for continuance of an action in the district court under Rule 12(h) (3), Fed. R.Civ.P.

Accordingly, the motion of defendant seeking an order to dismiss this action pursuant to Rule 12(b) is granted. The action is dismissed.

So ordered.