Susan CRIPPS, et al., Defendant-cross-claimant-Appellant,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-cross-defendant-Appellee.

No. 91–55987.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1992.

Withdrawn from Submission June 16, 1992.

Resubmitted July 30, 1992.

Decided Dec. 1, 1992.

Susan Cripps, pro se.

Bruce Cornblum, San Diego, Cal., for defendant-cross-claimant-appellee Cynthia Cripps.

Before D.W. NELSON, BOOCHEVER, and THOMPSON, Circuit Judges.

D.W. NELSON, Circuit Judge:

## OVERVIEW

Appellant Susan Cripps ("Susan") and appellee Cynthia Cripps ("Cynthia") both lay claim to the life insurance proceeds from the death of John Cripps ("John"), to whom both were married at different times. Appellee Life Insurance Company of North America ("LICNA") interpled Cynthia, Susan, and Susan's three children in a suit to determine who should receive those proceeds. Cynthia in turn cross-claimed against Susan, asserting her right to the proceeds. When Susan failed to answer, Cynthia obtained a default judgment against her. Susan now appeals that judgment, and raises a host of procedural arguments. We believe the district court lacked subject matter jurisdiction over the interpleader action. Accordingly, we reverse and remand to the district court with instructions to dismiss the interpleader claim. We find, however, that under ERISA the district court had subject matter jurisdiction over Cynthia's cross-claim and personal jurisdiction over Susan. We also find that the default judgment against Susan is legally insupportable. Accordingly, we vacate the default judgment and remand to the district court for a determination of whether Cynthia is entitled to any of the proceeds from the insurance policy in question.

## FACTUAL AND PROCEDURAL BACKGROUND

Susan was born and raised in Nahant, Massachusetts. In 1966, she married John, and resided with him in California until their divorce in 1975. Among the couple's assets was a life insurance policy issued by John's employer as a part of its group health and welfare plan. As part of the terms of the property settlement in the divorce, the court required John to maintain his LICNA life insurance policy in the

amount of $25,000, and to maintain Susan and their children as beneficiaries on the policy. After the divorce, Susan moved back to Massachusetts, where she has lived since 1975. She has not returned to, or had further contact with, California since that time.

In 1976, John married Cynthia. John continued to pay the premiums on his life insurance policy, and Susan remained the beneficiary of that policy. When John became disabled in 1978, the policy was maintained by his employer through disability insurance. John signed a holographic will in 1988 which purported to leave all the proceeds of any life insurance policies to Cynthia, but John never changed the beneficiary on the LICNA policy from Susan to Cynthia. John died in 1989.

In September 1990, LICNA filed this action in the federal district court for the Southern District of California, seeking to interplead Cynthia, Susan, and Susan's children. LICNA asserted that the claim arose under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., because the policy was issued pursuant to an ERISA health and welfare plan. LICNA also asserted jurisdiction under the federal interpleader statute, 28 U.S.C. § 1335, which allows the holder of a single item (in this case the insurance benefits) to which there are multiple, competing claims to bring all the claimants together in one court and let them resolve ownership of the item. LICNA deposited the insurance proceeds—now totalling $37,000—with the court. However, LICNA did not serve Susan or her children with process, and they received no actual notice of the suit.

On October 1, 1990, Cynthia filed an answer to LICNA's complaint and a cross-claim against Susan and LICNA, asserting that she was entitled to the life insurance proceeds by virtue of the holographic will. Susan was served with a copy of the cross-claim in Massachusetts on December 24, 1990. Acting pro se,[1] Susan prepared an

---

1. Susan enlisted the help of a neighbor who is an attorney in Massachusetts in preparing and filing her papers. The neighbor worked without compensation, and is not licensed to prac-

answer, which she mailed to the district court for filing on January 12, 1991. However, because of her failure to comply with a number of local procedural rules, her answer was not filed. The district court did not return the answer to Susan, or otherwise notify her that it had not accepted her papers, and Susan did not discover until April that they had not been filed.

Having received no answer, Cynthia moved for a default judgment on her cross-claim on January 25, 1991. The clerk entered a default against Susan on January 30 on the cross-claim. Thereafter, LICNA and Cynthia—the parties remaining in the cross-claim—entered into an agreement to submit the claim to a magistrate. The magistrate heard the case on April 18, 1991, and determined that Cynthia was entitled to the proceeds of the life insurance policy.[2] That same day, Susan, having learned of the default informally, filed an Opposition to the Entry of the Default Judgment, along with supporting argument and affidavits.

The district court entered judgment—apparently on the interpleader action as well as the cross-claim—on April 29. Susan filed a Motion to Vacate the Default Judgment on the same day. However, because that motion would not be heard until after the time to file a notice of appeal had run, Susan also filed a notice of appeal on May 25. That notice divested the district court of jurisdiction to entertain the motion to vacate. Susan then requested that the district court indicate that it wished to entertain the motion, so that she could seek a limited remand from the Ninth Circuit for that purpose. *See Scott v. Younger,* 739 F.2d 1464, 1466 (9th Cir.1984). The district court, per Judge Judith Keep, denied that request on July 1, 1991. The appeal from the default judgment is before us today.

tice in California or before the Southern District. According to her affidavits, Susan makes an annual income of $14,000, on which she supports a minor child, and could not afford either to fly to California or to retain an attorney there.

**2.** The magistrate was empowered to decide only issues relating to Cynthia's cross-claim against

## STANDARD OF REVIEW

■ Questions of subject matter jurisdiction are questions of law reviewed de novo. *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). Defects in subject matter jurisdiction may be raised at any time, by the parties or by the court on its own motion, and may never be waived. *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908).

## DISCUSSION

On appeal, Susan brings a number of procedural challenges to the judgment below. She contends that the district court lacked subject matter jurisdiction over the interpleader action, that it lacked personal jurisdiction over her, that the magistrate improperly exceeded his authority, and that Cynthia's cross-claim was legally insufficient to warrant the entry of judgment against her.

### Subject Matter Jurisdiction

LICNA's complaint asserts two independent bases for federal jurisdiction: that the complaint presents a federal question arising under ERISA, 29 U.S.C. § 1001 et seq., and that the complaint interpleads diverse defendants and therefore falls within the federal interpleader statute, 28 U.S.C. § 1335.

### a. Federal Question Jurisdiction

■ ERISA regulates the provision of health and welfare benefits by employers. Federal jurisdiction over ERISA-related questions is defined and limited by 29 U.S.C. § 1132(a). That section describes six different types of ERISA civil actions which may be brought in federal court. It

Susan, and not to decide the underlying interpleader action against Susan and her three children. Nonetheless, it is apparent that the magistrate assumed jurisdiction over the entire case, and the district court entered an order disposing of the life insurance proceeds based on the magistrate's decision.

also identifies who can bring which actions. No one except plan participants, beneficiaries, fiduciaries, and the Secretary of Labor is expressly authorized by § 1132(a) to bring claims in federal court.

LICNA is not a participant, beneficiary, or fiduciary within the meaning of ERISA. While that fact might seem determinative of its claim to federal question jurisdiction, one Ninth Circuit case suggests that groups not listed in § 1132(a) may still have standing to bring suit. In *Fentron Indus. v. National Shopmen Pension Fund,* 674 F.2d 1300, 1305 (9th Cir.1982), we held that § 1132's list of possible plaintiffs was not exclusive, relying on the legislative history of ERISA. *Fentron* concluded that employers as well as the parties enumerated in the statute could bring federal claims under ERISA. Under *Fentron,* it is possible that insurers could be empowered to bring ERISA actions as well.

The reasoning of *Fentron* has twice been repudiated by the Supreme Court.[3] *See Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1984) (the complex remedial scheme of ERISA "provide[s] strong evidence that Congress did *not* intend to authorize other remedies") (emphasis in original); *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27, 103 S.Ct. 2841, 2855, 77 L.Ed.2d 420 (1983) (ERISA "does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action.... A suit for similar relief by some other party does not 'arise under'" § 1132). We need not decide whether *Fentron* remains good law after *Massachusetts Mutual* and *Construction Laborers.* In light of the relatively clear language

from the Supreme Court limiting the scope of § 1132, we decline to extend the coverage of that section to provide a cause of action for insurance companies. There was therefore no federal question jurisdiction under ERISA over the interpleader action.

### b. Interpleader Jurisdiction

In an interpleader action, the "stakeholder" of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money. *See, e.g., Gaines v. Sunray Oil Co.,* 539 F.2d 1136, 1141 (8th Cir.1976). 28 U.S.C. § 1335 provides for federal jurisdiction over interpleader actions in which any two claimants to the fund are of diverse citizenship. In this case, Cynthia is a citizen of California, and all other claimants are residents of Massachusetts. However, none of the Massachusetts residents was served with process in the interpleader action. Susan contends that the district court lacked subject matter jurisdiction because defendants who are not served cannot be considered for diversity purposes.

This appears to be a question of first impression in this circuit. The only court to consider the issue in the context of an interpleader action concluded that actual service of process on diverse defendants is required to confer subject matter jurisdiction. *Metropolitan Life Ins. Co. v. Dumpson,* 194 F.Supp. 9, 11 (S.D.N.Y.1961). Courts considering related issues in other circuits have come to two different conclusions. On the one hand, two courts have concluded that in a normal diversity action, the court must consider the citizenship of parties who are not served in determining whether diversity is complete. *See Oppen-*

---

**3.** *Fentron* has also been uniformly rejected by other circuits and by commentators. *See, e.g., Giardono v. Jones,* 867 F.2d 409, 413 (7th Cir. 1989); *Hermann Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1288–89 (5th Cir.1988); *Grand Union Co. v. Food Employers Labor Relations Ass'n,* 808 F.2d 66, 71 (D.C.Cir.1987); *Dime Coal Co. v. Combs,* 796 F.2d 394, 396 (11th Cir.1986); *Whitworth Bros. Storage Co. v. Central States Pension Fund,* 794 F.2d 221, 228 (6th Cir.), *cert. denied,* 479 U.S. 1007, 107 S.Ct. 645, 93 L.Ed.2d 701 (1986); *International Ladies Gar-*

*ment Workers Union v. Teamsters,* 764 F.2d 147, 153–54 (3rd Cir.1985); *Pressroom Unions Fund v. Continental Assurance Co.,* 700 F.2d 889, 892 (2nd Cir.), *cert. dismissed,* 463 U.S. 1233, 104 S.Ct. 26, 77 L.Ed.2d 1449, *cert. denied,* 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983); R. Cooke, ERISA Practice and Procedure § 8.06, at 8–23 (1989); Kallus, *ERISA: Do Health Care Providers Have Standing to Bring a Civil Enforcement Action Under Section 1132(a)?,* 30 Santa Clara L.Rev. 173, 222–24 (1990).

*heim v. Sterling*, 368 F.2d 516, 518 (10th Cir.1966), *cert. denied*, 386 U.S. 1011, 87 S.Ct. 1357, 18 L.Ed.2d 441 (1967); *Salerno v. American League of Prof. Baseball Clubs*, 310 F.Supp. 729, 731 (S.D.N.Y.1969), *aff'd*, 429 F.2d 1003 (2nd Cir.1970), *cert. denied*, 400 U.S. 1001, 91 S.Ct. 462, 27 L.Ed.2d 452 (1971). Most other courts, however, have concluded the opposite—that the citizenship of defendants who are not served cannot be considered. *See Rader v. Manufacturers Casualty Ins. Co. of Philadelphia*, 242 F.2d 419, 427–28 (2nd Cir.1957); *see also General Accident Group v. Gagliardi*, 593 F.Supp. 1080, 1089 (D.Conn.1984) (if diverse defendant in interpleader action is procedurally barred from asserting a claim, the court lacks jurisdiction over the entire action), *aff'd*, 767 F.2d 907 (2nd Cir.1985); *Irving Trust Co. v. Nationwide Leisure Corp.*, 562 F.Supp. 960, 961 (S.D.N.Y.1982) ("Capitol was made a party to this action in 1979 by service of an interpleader complaint."); *Fox v. McLaughlin*, 195 F.Supp. 774, 774 (W.D.Pa.1961) (court has no jurisdiction over case where diverse defendant is not served).

 We agree with the *Metropolitan Life* court that a party cannot create diversity by naming as a defendant a party who is not in fact brought into the lawsuit by service of process. A contrary rule—that unserved defendants still count for jurisdictional purposes—would allow plaintiffs to manipulate their cases to create diversity in interpleader actions, where only minimal diversity is required, by "naming" a defendant who is never brought into or even given notice of the suit. Because plaintiffs control who is served, they should bear the burden of serving any defendant who is to be considered for purposes of establishing diversity.[4]

Further, Congress has suggested in another context that unserved defendants cannot affect jurisdiction. In 1988, Congress passed the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4642. Section 1016 of that Act amended 28 U.S.C. § 1441(a) to provide that the citizenship of "Doe" defendants—who are neither named in the complaint nor served with process—shall be disregarded for jurisdictional purposes.[5] This statute suggests that Congress intended diversity to be determined only by reference to those parties who have actually been brought into the suit.

If the citizenship of those defendants not served is disregarded, there is no diversity and hence no subject matter jurisdiction in this case. Because we conclude that only defendants who have been served may be counted for jurisdictional purposes in an interpleader action, there was no diversity and therefore 28 U.S.C. § 1335 conferred no subject matter jurisdiction over LICNA's interpleader action.[6]

### c. Cross–Claim Jurisdiction

 In response to LICNA's interpleader claim, Cynthia filed a cross-claim against Susan and a counterclaim against LICNA. Both parties were served with a copy of this pleading. We must decide whether the district court retains jurisdiction over Cynthia's cross-claim, even though it lacks subject matter jurisdiction over the underlying interpleader action.

Section 502(a)(1) of ERISA provides that a civil action may be brought by a participant or beneficiary. 29 U.S.C. § 1132(a)(1). "As a practical matter ... courts normally

---

**4.** The danger that plaintiffs will manipulate the jurisdiction of federal courts in this way distinguishes this case from *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir.1969). That case held that a defendant could not ignore an unserved, nondiverse co-defendant in seeking to *remove* a case to federal court based on diversity. Because the party seeking removal in *Vitek* had no control over who was served, the danger of manipulation present here did not exist in *Vitek*.

**5.** Section 1016 legislatively overruled our decision in *Bryant v. Ford Motor Co.*, 832 F.2d 1080, 1082–83 (9th Cir.1987) (en banc). There, we had concluded that Doe defendants must be considered for diversity purposes.

**6.** This result does not leave LICNA without a remedy. It can sue in state court, or it can refile in federal court and serve the defendants necessary to confer diversity jurisdiction.

read § 502(a) as if it read; 'a civil action may be brought by *someone who claims to be* a participant or beneficiary.'" *Bruch v. Firestone Tire & Rubber Co.,* 828 F.2d 134, 152 (3rd Cir.1987), *rev'd in part on other grounds,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *see Salomon v. Transamerica Occidental Life Ins. Co.,* 801 F.2d 659, 660 (4th Cir.1986) (person designated as a beneficiary by plan participant has standing to sue for benefits, even though insurer denies that she is in fact a beneficiary). Cynthia claims to be a beneficiary of the insurance policy by virtue of John's holographic will. Thus, if she had filed her claim separately, it would have been cognizable in federal court as presenting a federal question under ERISA.[7]

In this circuit, "we recognize that a District Court generally may adjudicate a counterclaim having an independent basis for federal jurisdiction despite the dismissal of plaintiff's action for lack of subject matter jurisdiction." *Boynton v. United States,* 566 F.2d 50, 52 (9th Cir.1977). Accordingly, the district court has subject matter jurisdiction over Cynthia's cross-claim separate from its jurisdiction over the underlying suit.

 The next question is whether the district court had personal jurisdiction over Susan. Personal jurisdiction over a defendant may be acquired in one of two ways: by personal service of that defendant or by means of a defendant's "minimum contacts" with the jurisdiction. *Burnham v. Superior Court of California,* 495 U.S. 604 (1990). Personal service is normally effective only within the boundaries of the state in which the federal court sits; however, federal statutes may provide for nationwide service of process. The ERISA statute so provides. 29 U.S.C. § 1132(e)(2). *See Rodd v. Region Constr. Co.,* 783 F.2d 89, 91 (7th Cir.1986). Susan was served with a copy of the cross-claim in Massachusetts. This service is sufficient under 29 U.S.C. § 1132(e)(2).

Susan also objects to the sufficiency of the service on the grounds that process was served by a Massachusetts Sheriff's Deputy, rather than a United States Marshal. ERISA's provision for nationwide service is silent on how process is to be served. In such situations, Fed.R.Civ.P. 4(c)(2) governs. The legislative history of Rule 4 in its current form clarifies that Rule 4 was intended to do away with the requirement that federal marshals serve process in civil cases, except in certain circumstances not relevant here. *See* 128 Cong.Rec. H9848 (Dec. 15, 1982). Therefore, Susan's claim that the service of the cross-claim was defective is without merit.

The Default Judgment

 Next, Susan contends that even if the district court had subject matter jurisdiction over the cross-claim and personal jurisdiction over her, the default judgment against her should be reversed on the merits because it is legally insupportable. In reviewing a default judgment, this court must take the well-pleaded factual allegations of Cynthia's cross-complaint as true. *Benny v. Pipes,* 799 F.2d 489, 495 (9th Cir.1986) *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987). However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir.1978); *accord* 6 J. Moore, Moore's Federal Practice ¶ 55.03[2], at 55–20 to 21 (1992). Thus, Susan may prevail on the merits if she can demonstrate that, taking the facts alleged in the pleadings as true, Cynthia was not entitled to relief. *See Alan Neuman Productions v. Albright,* 862 F.2d 1388, 1392–93 (9th Cir.1988) (reversing default judgment for plaintiff on RICO claims because the complaint failed properly to allege such claims), *cert. denied,* 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989).

Cynthia's claim to the life insurance proceeds was based on John's holographic will assigning the benefits to her. In her own

---

7. Cynthia's claim would not fall within the general diversity jurisdiction of 28 U.S.C. § 1332, however, since she sued a California citizen (LICNA) as well as a Massachusetts citizen, and since the amount in controversy in this case is less than $50,000.

pleadings, Cynthia admits that Susan is the named beneficiary of the life insurance policy.[8] She claims, however, that the holographic will effectively altered the beneficiary on the policy, so that Cynthia and not Susan is entitled to the proceeds.

■ Taking Cynthia's alleged facts as true, we must decide whether the holographic will was effective under California law. Under California law, except in specified situations not present here, a holographic will cannot operate to change the beneficiary designated on a life insurance policy. *See, e.g., Cook v. Cook,* 17 Cal.2d 639, 111 P.2d 322, 326–29 (1941); *Pimentel v. Conselho Supremo,* 6 Cal.2d 182, 57 P.2d 131, 133 (1936); *Moss v. Warren,* 43 Cal.App.3d 651, 117 Cal.Rptr. 796, 798–99 (1975); *United Benefit Life Ins. Co. v. Shanahan,* 136 F.Supp. 511, 513 (N.D.Cal. 1955) (applying California law). That being the case, Cynthia has not made out a claim for relief.

Alternatively, Cynthia contends that part of the life insurance premiums were paid from the community property assets of her marriage to John. She asserts that she is entitled to be compensated as a result of these community property payments.

The district court did not decide this question. Its resolution depends upon facts which have not been developed in the record before us, and upon the application of California law which, in this case, should be addressed initially by the district court. Because the default judgment is legally insupportable, it must be set aside. On remand, the district court can determine what, if any, share of the proceeds or portion of reimbursement of premiums Cynthia may be entitled to.

We also urge the district court to reconsider its preliminary conclusion regarding Susan's motion to vacate the default judgment when it regains jurisdiction over this motion on remand. In denying Susan's request that the district court indicate that it wished to entertain her motion to vacate the default judgment, the judge stated that she thought it unlikely that Susan would succeed on the motion. The judge expressed her opinion that "the Court is under no obligation to keep the filing party abreast of the status of her putative filing," and found it "simply inexcusable" that Susan had failed to verify that her answer had been filed.

■ As a general proposition, the district court's statement is correct. The Supreme Court, however, has made it clear that pleadings of *pro se* litigants are to be held to less rigorous standards than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). Susan Cripps is a *pro se* litigant. Susan's answer was not filed because the caption and format of the pleading did not conform with local rules. While it is true that the court is generally under no obligation to notify a litigant of the status of her pleading, to enter a judgment of default against a *pro se* litigant such as Susan for essentially a mistake of form strikes us as an unjust and excessive sanction. In this particular instance, it is of some significance that the district court did not return Susan's answer to her or otherwise notify her that it had not accepted her pleading, and that Susan did not discover that the magistrate had entered a default judgment against her until some four months after she believed her pleading had been filed.

We are aware that the court did in fact try to telephone Susan's neighbor, Brian Olmstead, whom the court believed to be Susan's counsel, and whose address and phone number were the only ones included on the defective pleading. Several messages were left on Mr. Olmstead's answering machine. Mr. Olmstead, however, averred that his answering machine malfunctioned and it appears that Susan never

---

8. Cynthia's argument that the divorce judgment and several other documents are not cognizable in this court because they were not part of the record below is unavailing. First, Cynthia admitted in her own pleadings that Susan was the named beneficiary of the policy. *See* E.R. 4–5 (LICNA's allegation); E.R. 20 (Cynthia's admission). Second, LICNA's pleadings, which are also part of the record, expressly incorporate by reference the life insurance policy and the divorce judgment. E.R. 3–5; E.R. 8–19.

was advised of the problems with her pleadings. Even assuming some sanction was appropriate, less drastic sanctions than a default judgment were clearly available to the district court. *See United States for Use of Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988); *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir.1987), *cert. denied*, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988).

Thus, given that Susan is a pro se litigant who is unfamiliar with the local rules of form for pleadings, and given that she was never advised of the problem with her pleadings, we believe it is appropriate in this instance for the court to reconsider Susan's motion to set aside the default judgment entered against her.

## CONCLUSION

The judgment of the district court is vacated. The case is remanded to the district court with instructions to return to LICNA the money it deposited with the district court and to dismiss the interpleader action for lack of subject matter jurisdiction. The district court is to proceed on Cynthia's cross-claim and determine whether she is entitled to any of the proceeds of the insurance policy or reimbursement of any portion of the premiums paid during her marriage to John.

VACATED AND REMANDED.