TIMOTHY M. BURGESS, UNITED STATES DISTRICT JUDGE
I. INTRODUCTION
Defendant Cigna Corporation ("Cigna") filed a motion to dismiss for lack of personal jurisdiction at docket 9. Plaintiff opposes this motion, and filed a motion to permit discovery on the structure, operation, control and funding of Cigna Group claims offices at docket 15. For the following reasons, Plaintiff's motion for discovery at docket 15 is DENIED , and Cigna's motion to dismiss at docket 9 is GRANTED .
II. BACKGROUND
Plaintiff, in his complaint, brings claims under the Employee Retirement Income Security Act of 1974 ("ERISA").[1] Plaintiff was an employee at Swift Technical Services, LLC ("STS") when he became disabled on October 13, 2015, following a left knee replacement surgery.[2] Plaintiff explains that STS is the sponsor and administrator of the Swift Technical Services, LLC Long Term Disability Plan (the "STS LTD Plan"), and that STS pays premiums for an insurance policy providing long term disability benefits to STS employees.[3] According to Plaintiff, STS LTD Plan benefits are provided through a long term disability policy issued by the Life Insurance Company of North America (LINA), and the claim administrator is Cigna, which is also the parent company of LINA.[4]
Plaintiff states that Cigna discontinued Plaintiff's long term disability benefits under the STS LTD Plan on July 10, 2016, and contends that Cigna "abused its discretion" in denying these benefits to Plaintiff and in failing to rule on Plaintiff's administrative appeal in a timely manner.[5] Plaintiff also argues that Cigna "abused its discretion" in claiming an overpayment of benefits to Plaintiff, in failing to provide an adequate explanation for this claim, and in failing to respond to Plaintiff's appeal of this claim in a timely manner.[6] Plaintiff names STS, LINA, and Cigna as defendants, and seeks declaratory relief, an award of benefits, and injunctive relief.[7]
*914 STS and LINA both filed answers to the complaint.[8]
On April 5, 2018, Cigna filed a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2).[9] Cigna contends that, in contrast to STS and LINA, "Cigna Corporation is not an insurance company, but a stock holding company with no involvement with the Plan and no contacts with Alaska sufficient to permit this court to exercise of personal jurisdiction over Cigna Corporation consistent with due process."[10] Therefore, Cigna argues, the Court does not have either general or specific personal jurisdiction over Cigna.[11]
In response, Plaintiff argues that the Court has personal jurisdiction over Cigna pursuant to 29 U.S.C. § 1132(e)(2), which establishes a broader basis for personal jurisdiction over ERISA defendants.[12] Plaintiff contends that Cigna is a proper defendant under § 1132 and meets the test for personal jurisdiction under § 1132(e)(2).[13] Plaintiff also filed a motion for jurisdictional discovery seeking "an order allowing Plaintiff to conduct discovery on the structure, operation, control and financing of CIGNA Group Claims."[14] Plaintiffs explains that he alleged that Cigna was the STS LTD Plan Administrator "based on the written communications from the claim administrator office, which identified itself in every letter as CIGNA or CIGNA Group Claims."[15] Plaintiff notes that Cigna Corporation has stated that it does not administer benefits claims, but has not disclosed "which corporate entity operated, controlled and funded the CIGNA Group claims office that handled Plaintiff's LTD claim."[16] Accordingly, Plaintiff seeks permission to conduct discovery on the structure of "CIGNA GROUP Claims," including "which corporate entities operate, control and fund the CIGNA Group Claims offices."[17] Plaintiff further notes that discovery is necessary "to determine whether and to what degree CIGNA Group Claims offices have a conflict of interest due to their relationship with the LTD insurer, LINA."[18]
Cigna filed a combined reply to its motion to dismiss and response in opposition to Plaintiff's motion for discovery.[19] Cigna argues that Cigna is not a statutory plan administrator or "de facto" plan administrator for the STS LTD Plan or Plaintiff's benefits claim, and therefore that Cigna is not a proper defendant under § 1132.[20] Cigna thus contends that the Court should not permit jurisdictional discovery "on the basis of unsupported assertions," and notes that any concerns about conflict-of-interest are questions for the merits stage, rather than a basis for jurisdictional discovery.[21]
Lastly, Plaintiff filed a reply to the motion for discovery.[22] Plaintiff reiterates that Cigna's name is included on a number *915 of documents related to insurance claims, and argues that this evidence, at a minimum, "provides a prima facie case for concluding CIGNA corporation is in fact directly or indirectly involved in selling disability insurance and handling disability claims" and warrants additional discovery. Plaintiff also cites the Ninth Circuit's decision in Leeson v. Transamerica ,[23] and argues that, pursuant to Leeson , "the civil procedural rules mandate that the Plaintiff be allowed to conduct discovery before the party status of CIGNA is decided."[24]
Cigna's motion to dismiss and Plaintiff's motion for discovery are now ripe for resolution.
III. ANALYSIS
A. Standard of Review
Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bear the burden of demonstrating that jurisdiction is appropriate.[25] If "the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.' "[26] Although the plaintiff may not "simply rest on the bare allegations of its complaint," any "uncontroverted allegations in the complaint must be taken as true,"[27] and "any evidentiary materials submitted on the motion 'are construed in the light most favorable to the plaintiff[ ] and all doubts are resolved in [its] favor.' "[28]
Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."[29] However, when "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the [c]ourt need not permit even limited discovery."[30] A court may deny a request for jurisdictional discovery that is "based on little more than a hunch that it might yield jurisdictionally relevant facts."[31]
B. Personal Jurisdiction under 29 U.S.C. § 1132(e)(2)
"A federal court obtains personal jurisdiction over a defendant if it is able to serve process on him."[32] "[W]here a federal statute provides for nationwide service of process, service on a defendant anywhere in the United States establishes personal jurisdiction as long as the defendant also has minimum contacts with the *916 United States."[33] 29 U.S.C. § 1132(e)(2) provides that a private ERISA action may be brought in federal district court "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." The Ninth Circuit has found that § 1132(e)(2) authorizes "nationwide service of process."[34] The parties do not appear to contest that Cigna was served within and has minimum contacts with the United States.[35]
However, Cigna argues that Plaintiff has not shown that Cigna is a proper defendant for suit under § 1132(a)(1)(B), and therefore cannot rely on § 1132(e)(2) to establish personal jurisdiction.[36] The Ninth Circuit has explained that "proper defendants under § 1132(a)(1)(B) for improper denial of benefits at least include ERISA plans, formally designated plan administrators, insurers or other entities responsible for payment of benefits, and de facto plan administrators that improperly deny or cause improper denial of benefits."[37]
Plaintiff asserts that Cigna can be sued under § 1132 as a "claims administrator."[38] In support of this contention, Plaintiff submits documents from Plaintiff's insurance claim file, as well as Cigna promotional materials.[39] Plaintiff received a number of letters from Cigna concerning his claim under the STS LTD Plan. These letters contain the Cigna logo and a return address referencing "Cigna" along with a PO Box in Phoenix, Arizona, and are signed by Cigna employees, including a "Group Claims Associate," "Claim Manager," and "Appeal Specialist."[40] Plaintiff also notes that Cigna's promotional materials for Long Term Disability insurance reference "[o]ur experienced LTD claim managers," and that Cigna "hires claims persons and managers under the name CIGNA."[41] Plaintiff therefore maintains that he has "established genuine issue of material fact regarding who CIGNA Group Claims is."[42]
In response, Cigna points out that the letters submitted by Plaintiff contain notices stating that " 'Cigna' and the 'Tree of Life' logo are registered service marks of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries," and that "[a]ll products and services are provided by or through such operating subsidiaries, including Life Insurance Company of North America, Connecticut General Life Insurance Company and Cigna Life Insurance Company of New York, and not by Cigna Corporation."
*917 [43] The letters also expressly list "Life Insurance Company of North America" as the "Underwriting Company" for the STS LTD policy,[44] and LINA, in its answer in this case, admits sending the letters contained in Plaintiff's claims file concerning Plaintiff's termination of benefits and his appeal.[45]
Taking the evidence in the light most favorable to Plaintiff, the Court concludes that Cigna should be dismissed from this case.[46] Although Plaintiff has submitted evidence suggesting on first glance that "Cigna," in some capacity, might have been involved in reviewing Plaintiff's insurance claim, a closer look at these documents clarifies the extent of Cigna's involvement. The letters expressly state that the Cigna name and logo are registered service marks and that Cigna Corporation itself does not provide products and services, which are instead provided through Cigna's operating subsidiaries, including LINA. LINA acknowledges sending the letters containing substantive decisions on Plaintiff's benefits claims. In light of this evidence, Cigna's specific denials of involvement, and LINA's admissions, there is nothing to suggest that Cigna Corporation is connected to this lawsuit,[47] or that additional discovery will *918 lead to additional jurisdictionally relevant facts.[48]
IV. CONCLUSION
For the foregoing reasons, Plaintiff's motion for discovery is DENIED , and Cigna's motion to dismiss is GRANTED .
IT IS SO ORDERED.

Dkt. 1; Dkt. 4.

Dkt. 4 at ¶¶ 12, 15-16.

Id. at ¶¶ 4-5.

Id. at ¶¶ 6-7.

Id. at ¶¶ 36-37.

Id. at ¶¶ 53-55.

Id. at 11-12.

Dkt. 8; Dkt. 12.

Dkt. 9.

Id. at 2.

Id. at 4-8.

Dkt. 13 at 5.

Id. at 6-11.

Dkt. 15.

Id. at 3.

Id.

Id. at 4.

Id.

Dkt. 17; Dkt. 18.

Dkt. 17 at 3-10.

Id. at 10-12.

Dkt. 19.

671 F.3d 969, 979 (9th Cir. 2012).

Id. at 5.

Dole Food Co., Inc. v. Watts , 303 F.3d 1104, 1108 (9th Cir. 2002).

Id. (quoting Sher v. Johnson , 911 F.2d 1357, 1361 (9th Cir. 1990) ).

Id. (quoting Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc. , 551 F.2d 784, 787 (9th Cir. 1977) and citing AT & T v. Compagnie Bruxelles Lambert , 94 F.3d 586, 588 (9th Cir. 1996) ; Bancroft & Masters, Inc. v. Augusta Nat'l, Inc. , 223 F.3d 1082, 1087 (9th Cir. 2000) ).

Ochoa v. J.B. Martin & Sons Farms, Inc. , 287 F.3d 1182, 1187 (9th Cir. 2002) (quoting Metro. Life Ins. Co. v. Neaves , 912 F.2d 1062, 1064 n.1 (9th Cir. 1990) ).

Boschetto v. Hansing , 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting Data Disc, Inc. v. Systems Tech. Assoc., Inc. , 557 F.2d 1280, 1285 n.1 (9th Cir. 1977) ).

Pebble Beach Co. v. Caddy , 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting Terracom v. Valley Nat'l Bank , 49 F.3d 555, 562 (9th Cir. 1995) ).

Boschetto , 539 F.3d at 1020.

Action Embroidery Corp. v. Atl. Embroidery, Inc. , 368 F.3d 1174, 1177 (9th Cir. 2004).

Leon v. Standard Ins. Co. , No. 215CV07419ODWJC, 2016 WL 4919840, at *2 (C.D. Cal. Jan. 28, 2016) (citing S.E.C. v. Ross , 504 F.3d 1130, 1140 (9th Cir. 2007) ); see also Fed. R. Civ. P. 4(k)(1)(c) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant ... when authorized by a federal statute.").

Cripps v. Life Ins. Co. of N. Am. , 980 F.2d 1261, 1267 (9th Cir. 1992).

See Dkt. 9 at 2 ("Cigna Corporation is a Delaware corporation with its principal place of business in Connecticut."); Dkt. 13 at 5-6; Dkt. 17 at 1-10.

See Dkt. 17 at 3-10.

Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc. , 770 F.3d 1282, 1297-98 (9th Cir. 2014).

Dkt. 13 at 7; Dkt. 15 at 3. Although Plaintiff does not use this term, Plaintiff quotes the above language and appears to be arguing that Cigna is a "de facto plan administrator." See Dkt. 13 at 7.

See Dkt. 14 and attachments.

Dkt. 14-1.

Dkt. 13 at 9; Dkt. 14-2; Dkt. 14-3; Dkt. 14-4; Dkt. 14-5.

Dkt. 13 at 9.

Dkt. 17 at 6; see also Dkt. 14-1.

See Dkt. 14-1.

See Dkt. 8 at ¶¶ 21, 24, 30 (discussing letters sent on July 21, 2016, October 5, 2016, and March 28, 2017); Dkt. 14-1 at 28-31, 32-33, 41-45 (copies of letters sent on July 21, 2016, October 5, 2016, and March 28, 2017).

In his reply to his motion for discovery, Plaintiff, for the first time, contends that the question of whether an entity is a proper defendant under § 1132 is not a jurisdictional issue, but rather should be addressed at the merits stage. See Dkt. 19 at 3-4. Plaintiff cites Leeson v. Transamerica , 671 F.3d 969 (9th Cir. 2012), and argues that the same logic should apply with respect to Cigna's motion to dismiss. Assuming that this issue is properly before the Court, as it was raised only in reply, the Court concludes that it need not resolve this issue in the present order. In Leeson , which concerned a motion to dismiss for lack of subject matter jurisdiction, the Ninth Circuit held that "an employee's status as a plan 'participant' is an element of his ERISA claim, not a jurisdictional limitation." Kwai Fun Wong v. Beebe , 732 F.3d 1030, 1038 (9th Cir. 2013) (describing the holding in Leeson ). However, with respect to personal jurisdiction, "[t]he Ninth Circuit has not decided whether (and to what extent) a court can consider the merits of an ERISA claim to decide whether its service of process statute applies." Leon v. Standard Ins. Co. , No. 215CV07419ODWJC, 2016 WL 4919840, at *2 (C.D. Cal. Jan. 28, 2016). Moreover, even if the Court construed Cigna's motion to dismiss as a motion under Rule 12(b)(6), the Court would still conclude that Cigna should properly be dismissed based on the evidence presented by the parties. See, e.g., Lee v. Am. Airlines, Inc. , No. 10-CV-0377-CVE-FHM, 2010 WL 4721547, at *3 (N.D. Okla. Nov. 15, 2010) (finding that Cigna's motion to dismiss for lack of personal jurisdiction was "more properly treated as a motion to dismiss for failure to state a claim under Rule 12(b)(6)" and concluding that "CIGNA has no connection to this lawsuit and should be dismissed as a party"); Leon , 2016 WL 4919840, at *2 ("If Plaintiff fails to state a cognizable ERISA claim against StanCorp, there is no need to decide whether the ensuing dismissal is more appropriately one under Rule 12(b)(2) or Rule 12(b)(6).").

See e.g., Lee , 2010 WL 4721547, at *4 ("[T]he evidence specifically referenced in the complaint shows that CIGNA had no role in denying his claim for LTD benefits. The letters clearly establish that LINA was plaintiff's insurer, and 'CIGNA Group Insurance' is not a corporate entity of any kind. In any event, the dismissal of CIGNA will have no effect on plaintiff's ability to recover damages from the appropriate party. CIGNA Group Insurance is a trademark for three insurance companies, including LINA, and plaintiff has named LINA as a defendant ... Therefore, plaintiff has named the appropriate defendant as a party and, should he prevail on his ERISA claim, he will be able to recover the full amount of his unpaid LTD benefits from his actual insurer. CIGNA has no connection to this lawsuit and should be dismissed as a party.").

To the extent Plaintiff seeks to conduct conflict of interest discovery in this case, this is a question for the merits stage, rather than a basis for jurisdictional discovery. See Dkt. 15 at 5.