**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 2 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  THOMAS OLIVER,

Debtor,

------------------------------

THOMAS OLIVER,

Appellant,

v.

UST - UNITED STATES TRUSTEE, SAN DIEGO,

Appellee.

No.    22-60019

BAP No. 21-1151

MEMORANDUM*

In re:  THOMAS OLIVER,

Debtor,

------------------------------

THOMAS OLIVER,

Appellant,

No.    22-60020

BAP No. 21-1182

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

UST - UNITED STATES TRUSTEE, SAN DIEGO,

        Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Faris, and Brand, Bankruptcy Judges, Presiding

Submitted November 2, 2023[**]

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Thomas Oliver appeals pro se from the Bankruptcy Appellate Panel's (BAP) judgment affirming the bankruptcy court's order imposing terminating sanctions, entering a default judgment denying his Chapter 7 discharge, and denying his motion for recusal. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo decisions of the BAP and apply the same standard of review that the BAP applied to the bankruptcy court's rulings. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review the grant of terminating sanctions, the entry of default judgment, and the denial of the recusal motion for abuse of discretion. *Conn. Gen. Life Ins. Co. v. New Images of Beverly*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011); *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1218–19 (9th Cir. 2014). We affirm.

1. The bankruptcy court did not abuse its discretion when it imposed terminating sanctions against Oliver for his discovery misconduct after repeated attempts to use lesser sanctions. Before imposing terminating sanctions, the bankruptcy court considers five factors. *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. The bankruptcy court properly balanced and provided reasons for all five factors. As to the fifth factor, the availability of less drastic sanctions, the bankruptcy court weighed Oliver's failure to comply with multiple court orders and monetary sanctions regarding his discovery misconduct and concluded that any "lesser sanction would be utterly useless." (citations and quotations marks omitted). Oliver's sole argument is that his failure to comply with the court orders was justified because of the bankruptcy court's and United States Trustee's (UST) alleged errors and malfeasance. However, the record does not support Oliver's contention and instead shows that his failure to comply with the court orders was both willful and in bad faith. *See Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) ("Where the sanction results in default, the sanctioned party's violations must be due to the 'willfulness, bad faith, or fault' of the party." (quoting *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994))).

2. The bankruptcy court did not abuse its discretion when it granted default judgment and denied Oliver a bankruptcy discharge. In reviewing a default judgment, we must take the well-pleaded factual allegations of the complaint as true. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Here, the well-pleaded factual allegations of the UST's complaint show that each of the elements of § 727(a)(4)(A) was met. *See* 11 U.S.C. § 727(a)(4)(A) (authorizing denial of discharge if the "debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account"); *see also In re Retz*, 606 F.3d 1189, 1197 (9th Cir. 2010) ("To prevail on [a § 727(a)(4)(A)] claim, a [party] must show, by a preponderance of the evidence, that: (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." (citation and quotation marks omitted)). Oliver failed to disclose the transfer of the Rhode Island property. Oliver also falsely answered "no" to a question regarding the transferring of property within a two-year period before filing. Moreover, Oliver made the omission and false statement knowingly. Oliver does not dispute these facts on appeal.

Even though Oliver's omission and false statement are sufficient for the denial of discharge, the bankruptcy court also properly denied Oliver's discharge under 11 U.S.C. § 727(a)(2)(A). The well-pleaded factual allegations of the UST's

4

complaint show that each element of § 727(a)(2)(A) was met. *See* 11 U.S.C. § 727(a)(2)(A) (authorizing denial of discharge if the "debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted [those acts as to,] . . . property of the debtor, within one year before the date of the filing of the petition"); *see also In re Retz*, 606 F.3d at 1200 ("A party seeking denial of discharge under § 727(a)(2) must prove two things: (1) a disposition of property, such as transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act [of] disposing of the property." (alteration in original) (citation and quotation marks omitted)). Accepting the well-pleaded allegations as true, Oliver concealed the transfer of the Rhode Island property within the one-year pre-filing period, and he did so with the intent to hinder and delay a creditor. These allegations satisfy the § 727(a)(2)(A) standard.

3. The bankruptcy court did not abuse its discretion when it denied Oliver's recusal motion. A bankruptcy judge must recuse when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Marshall v. Marshall (In re Marshall)*, 721 F.3d 1032, 1041 (9th Cir. 2013). Here, the record does not contain any evidence that the bankruptcy judge's impartiality might reasonably be questioned.

5

**AFFIRMED.**[1]

---

[1] Oliver's motion for judicial notice (Dkt. No. 10) is DENIED. The motion does not comply with FRE 201 because Oliver merely repeats arguments from his brief, rather than ask the court to take notice of a fact not subject to reasonable dispute.

Oliver's motion for oral argument or hearing en banc (Dkt. No. 11) is DENIED.

Oliver's motion to proceed in forma pauperis (Dkt. No. 2) is GRANTED.