Patrick TOOL, Stephen T. Tool, Jr., Stephen T. Tool, Sr., Catherine Tool, on behalf of themselves and of all other participants and beneficiaries of the Polymeric Technology Profit Sharing Plan and the Cal–Neva Supply Profit Sharing Plan; Polymeric Technology Profit Sharing Plan; Technology Profit Sharing Plan; Polymeric Technology, Inc., a California Corporation; Cal–Neva Supply Co, Inc., a California Corporation, Plaintiffs,

v.

NATIONAL EMPLOYEE BENEFIT SERVICES, INC., a Corporation; National Employee Benefit Services Limited Partnership, a limited partnership; National Retiree Health Group, a business entity; Thomas W. Cordry, Jr.; Thomas W. Cordry III; Helen Cordry; Massachusetts Mutual Life Insurance Co., a corporation; Defendants.

No. C96–0296 MHP.

United States District Court,
N.D. California.

Nov. 18, 1996.

at 856 n. 21, 105 S.Ct. at 2454 n. 21.

Carl Lippenberger, Lippenberger Thompson Welch, San Francisco, CA, for Patrick Tool, Stephen T. Tool, Jr., Stephen T. Tool, Sr., Catherine Tool, Polymeric Technology Profit Sharing Plan, Cal-Neva Supply Profit Sharing Plan and Cal-Neva Supply Co.

James H. Fleming, James H. Fleming & Associates, San Francisco, CA, for Massachusetts Mut. Life Ins. Co.

## ORDER

PATEL, District Judge.

Plaintiffs are two profit sharing plans, four participants in those plans and two employers who have made contributions to the plans. They bring this action against defendants Massachusetts Mutual Life Insurance Company ("MassMutual") and others alleging that the defendants violated sections 409 and 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1109 and 1132. However, MassMutual has filed a motion to dismiss for failure to state a claim.

In opposition to the motion to dismiss, plaintiffs craft their allegations as: (1) MassMutual breached its fiduciary duty of loyalty under the doctrine of respondeat superior because its agents, National Employee Benefit Services ("NEBS") and the Cordrys, breached their fiduciary duties in converting funds; (2) MassMutual breached its fiduciary duty of loyalty when it failed to disclose that NEBS and Cordrys had converted funds from other plans; and (3) MassMutual

breached its duty of care in failing to advise the employer and plans about the restrictions on NEBS' and Cordrys' authority which allowed them to convert the funds and in its failure to properly supervise NEBS and Cordrys.

MassMutual's motion to dismiss contends that: (1) plaintiff employers lack standing; (2) MassMutual is not liable as a fiduciary under ERISA; and (3) MassMutual is not liable as a fiduciary under common law agency doctrines because ERISA does not adopt such doctrines. Defendants also seek to dismiss the prayer for punitive damages, claiming that such damages are unavailable under ERISA. Finally, defendants move to strike plaintiffs' request for a jury trial.

Having considered the parties' arguments and submissions, the court now enters the following order.

### BACKGROUND

This is an action that involves the alleged theft of pension plan contributions. The pension plans are prototype plans written, created and marketed by MassMutual. The plans were set up by NEBS, Thomas W. Cordry, Jr., Helen Cordry, and Thomas W. Cordry III (the "Cordrys"). The contributions to the plans were delivered to NEBS and the Cordrys, who were supposed to deliver them to MassMutual. MassMutual managed the funds and determined the rate of return that would be paid on them. Plaintiffs allege that NEBS and the Cordrys converted sums that were intended as contributions to either of two pension plans.

Plaintiffs filed this action on January 19, 1996. On June 7, 1996, plaintiffs filed an amended complaint. On June 27, 1996, Judge Legge recused himself from this case, and the case was reassigned to this court July 1, 1996. On July 17, 1996, this court granted defendant MassMutual leave to file a motion to dismiss, which was subsequently filed on July 23, 1996. This court heard argument from the parties on September 13, 1996, during which defendant informed the court of a recent amendment to ERISA. As such, this court ordered the parties to file briefs discussing the effect of the amendment on the motion before the court.[1]

### LEGAL STANDARD

A motion to dismiss will be denied unless it appears that the plaintiff can prove no set of facts which would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco,* 792 F.2d 1432, 1435 (9th Cir.1986), *cert. denied,* 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.), *cert. denied sub. nom. Wyoming Community Dev. Auth. v. Durning,* 484 U.S. 944, 108 S.Ct. 330, 98 L.Ed.2d 358 (1987).

### DISCUSSION

Some preliminary observations about the complaint in this action may be helpful in understanding the motion before this court. It is undisputed by the parties that the plans which are the subject of this action are ERISA plans. Plaintiffs' first amended complaint states that their claims are brought under sections 1104, 1105, 1109 and 1132(a)(2) of ERISA. No claims are asserted under state law. Section 1104 sets forth the duties of and the standard of care owed by a fiduciary; section 1105 deals with co-fiduciary liability; and section 1109 provides for the liability that may be imposed upon a breaching fiduciary. Subparagraph (a)(2) of

---

1. This court provided both parties with explicit orders that the briefs were only to address the effect of the amendment to ERISA and not to address the other substantive issues contained in the complaint. Contrary to this order, plaintiffs submitted additional briefing on their claim of liability pursuant to the doctrine of respondeat superior. This court will not consider these additional comments. Moreover, the additional arguments provided do not change the order of the court.

section 1132, the enforcement section of ERISA, implements section 1109 and authorizes a civil action for breach of fiduciary duty.

Without designating under which of these sections each claim is asserted, plaintiffs allege three separate claims or counts, two entitled "breach of fiduciary duty of loyalty" and one entitled "breach of fiduciary duty of care". It is not completely clear from the pleadings whether all three claims are asserted against all defendants. The thrust of the claims is predominately against MassMutual. The manner in which the claims are alleged makes them sound more like common law claims than ERISA claims.

## I. *ERISA Claims*

### A. *Standing*

 MassMutual seeks to dismiss the employers, Polymeric Technology, Inc. and Cal–Neva Supply Co., as plaintiffs on the grounds that they have no standing.

Section 1132(a)(2) provides that the persons who can bring a civil action for breach of fiduciary duty are the Secretary of Labor, a participant, beneficiary or fiduciary.... 29 U.S.C. § 1132(a)(2). Since employers are not included, Polymeric Technology and Cal–Neva do not fall within one of these categories.

In defense of the employers' standing, plaintiffs rely solely on *Fentron Indus. v. Nat'l Shopmen Pension Fund,* 674 F.2d 1300 (9th Cir.1982), which held that an employer had standing under ERISA because its injury was "specific and personal". The theory in that case was that the failure of an ERISA plan/fund to pay pension benefits would impair the employer's relationship with the Union.

*Fentron* was decided before *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), and *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841,

77 L.Ed.2d 420 (1983). Although this Circuit has not explicitly overturned *Fentron,* it has noted that the reasoning of that case "has been twice repudiated by the Supreme Court." *Cripps v. Life Ins. Co. of North America,* 980 F.2d 1261, 1265 (9th Cir.1992) (citing to the effects of *Massachusetts Mutual* and *Franchise Tax Board* ). Again, more recently but not quite letting go, this Circuit acknowledged that *Fentron* "has been largely undermined by subsequent Supreme Court authority." *Pilkington PLC v. Perelman,* 72 F.3d 1396, 1401 (9th Cir.1995). Neither *Cripps* nor *Pilkington* were actions brought by employers. In *Cripps* the plaintiff was an insurance company and the Ninth Circuit declined to extend section 1132 to permit the company to sue. The plaintiffs in *Pilkington* were fiduciaries. As a result, in each case the Court of Appeals determined that it need not reach the issue of whether *Fentron* is still good law.

This court is satisfied that if the Ninth Circuit is confronted with the issue of whether an employer can bring suit to enforce claims against an ERISA fiduciary it will fully overturn *Fentron.* The landscape of ERISA law is much different from when that case was decided. In *Franchise Tax Bd.* the Supreme Court stated that "ERISA carefully enumerates the parties entitled to seek relief under § 502" and it does not provide an express cause of action to anyone other than those listed in section 502. 463 U.S. at 27, 103 S.Ct. at 2855–56. Employers are not among those parties listed. A year later in *Massachusetts Mutual* the Court found that the comprehensive and "carefully integrated" enforcement provisions of section 1132 were "strong evidence that Congress did *not* intend to authorize other remedies" not provided for in the statute.[2] 473 U.S. at 145–47, 105 S.Ct. at 3092. In contrast, the court in *Fentron* opined that there was nothing in the legislative history of ERISA to suggest that Congress intended the list in section 1132 to be exclusive. 674 F.2d at 1305. This is directly at odds with the subsequent deci-

---

2. It is worth noting that in performing its analysis in *Massachusetts Mutual,* the Supreme Court found that the requirements for implying a private right of action pursuant to *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975),

were not met. The *Cort* standards are more rigorous than those relied upon by the Ninth Circuit in *Fentron,* 674 F.2d at 1304. This provides further evidence of the unsustainability of *Fentron.*

sions of the Supreme Court. The Ninth Circuit has acknowledged the implications of these decisions as repudiating the reasoning in *Fentron. Cripps,* 980 F.2d at 1265.

Nearly all of the other circuits have rejected *Fentron. See Cripps,* 980 F.2d at 1265 n. 9. For example, the Second Circuit denied standing to an employer alleging that a fiduciary breached its duties under ERISA, stating that standing was limited to those parties listed in section 1132. *Tuvia Convalescent Ctr. v. National Union of Hosp. and Health Care Employees,* 717 F.2d 726, 729 (2d Cir. 1983). Similarly, the Eleventh Circuit limits standing to those parties listed in ERISA section 1132. *Gulf Life Ins. v. Arnold,* 809 F.2d 1520, 1521, 1524 (11th Cir.1987).

Furthermore, this interpretation of section 1132 makes good sense in light of a careful reading of the statute as a whole. Section 1104, which sets forth the duty owed by a fiduciary under ERISA, defines that duty as running to the plan "solely in the interest of the participants and beneficiaries." It is difficult to see how a fiduciary could be liable for a breach of duty to someone to whom no fiduciary duty was owed. For all of these reasons, the court finds that plaintiff employers Polymeric Technology and Cal–Neva Supply are not persons who have standing to sue for a breach of duty under ERISA.

### B. *The Definition of a Fiduciary Under ERISA*

MassMutual further contends that it is not liable as an ERISA fiduciary nor as an ERISA co-fiduciary. Under ERISA, a person is a fiduciary to an employee benefit plan:

> to the *extent* (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,
>
> (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or
>
> (iii) he has any discretionary authority or discretionary responsibility in the adminis-

tration of such plan. Such term includes any person designated [as a fiduciary] under section 1105(c)(1)(B)....

29 U.S.C. § 1002(21)(A) (emphasis added). However, Congress recently passed the Small Business Protection Act ("SBPA") amending ERISA section 401 to provide that:

> No person shall be subject to liability under this part or section 4975 of the Internal Revenue Code of 1986 for conduct which occurred before the date which is 18 months following the date described in subparagraph (A) on the basis of a claim that the assets of an insurer (other than plan assets held in a separate account) constitute assets of the plan, except—
>
> (i) as otherwise provided by the Secretary in regulations intended to prevent avoidance of the regulations issued under paragraph (1), or
>
> (ii) as provided in an action brought by the Secretary pursuant to paragraph (2) or (5) of section 502(a) for a breach of fiduciary responsibilities which would also constitute a violation of Federal or State criminal law.

29 U.S.C. § 1101(c)(5)(B). Moreover, "[e]xcept as provided in paragraph (2), the amendment made by this section shall take effect on January 1, 1975.... The amendment made by this section shall not apply to any civil action commenced before November 7, 1995." 29 U.S.C. § 1101(c)(7). This case was filed after November 7, 1995.

MassMutual contends it is not an ERISA fiduciary because (1) the SBPA expressly excludes it from being considered a fiduciary; (2) its fiduciary responsibilities do not extend to the activities that are the subject matter of this action; (3) MassMutual is not a co-fiduciary as defined by ERISA; and (4) the doctrine of respondeat superior may not be used to define MassMutual as a fiduciary under ERISA.

#### 1. *MassMutual's Liability as an ERISA Fiduciary and Co–Fiduciary*

Plaintiffs allege that MassMutual breached the duty of care that it has as a fiduciary in (1) failing to advise the plaintiffs about any restrictions on NEBS' and the

Cordrys' authority to receive plan contributions on behalf of MassMutual; (2) allowing NEBS and the Cordrys to receive Plan contributions and forward them to MassMutual rather than advising plaintiffs to forward the contributions directly to MassMutual; ·and (3) failing to supervise NEBS and the Cordrys to ensure that the plan contributions were actually forwarded to MassMutual. The plaintiffs allege that MassMutual was a fiduciary because MassMutual wrote, created and marketed the prototype plan used by NEBS and the Cordrys to set up the plan; sold annuity contracts to the Plans; maintained and managed funds in a Conversion Account; and determined the rate of return paid on the funds in the Conversion Account.

Plaintiffs also allege that MassMutual is liable for the conversion of the funds by NEBS and the Cordrys as a co-fiduciary under ERISA section 405(a)(3) because MassMutual knew that NEBS and the Cordrys had breached their duties with respect to other plans. In order to be considered a co-fiduciary, defendant must first be classified as a fiduciary to the plan. 29 U.S.C. § 1105(a).

As a matter of law, the complaint lacks allegations sufficient to find that MassMutual was a fiduciary under ERISA. Prior to the passage of the SBPA, MassMutual may have been considered a fiduciary under the ERISA section 302 definition because MassMutual is a manager of plan assets with discretionary authority over the rate of return on the assets. *See John Hancock Mutual Life Ins. Co. v. Harris Trust and Savings Bank*, 510 U.S. 86, 114 S.Ct. 517, 126 L.Ed.2d 524 (1993). However, the SBPA clearly excludes MassMutual from the definition of fiduciary, and the legislative purpose to retroactively apply the statute is clear.

Under the SBPA MassMutual cannot be subject to ERISA liability merely because it holds assets of the plans. It can only be held liable if it holds the plan assets in a separate account or comes within an SBPA exception. Neither the plaintiff's complaint nor the facts suggest that MassMutual holds any of the plan's assets in separate accounts. There are no allegations that any exception under SBPA applies. Therefore, under section 401 as amended no basis is alleged for MassMutual's liability.

The SBPA expressly provides that its amendments to ERISA section 401 are "to take effect on January 1, 1975" and are to apply to any civil action commenced after November 7, 1995. Thus, retroactive application satisfies the requirement set by *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 843, 110 S.Ct. 1570, 1580, 108 L.Ed.2d 842 (1990) (citing *United States v. Magnolia Petroleum Co.*,. 276 U.S. 160, 162–63, 48 S.Ct. 236, 237, 72 L.Ed. 509 (1928)): statutes are not to be given retroactive effect "unless the legislative purpose to do so plainly appears."

Plaintiff argues that retroactive application of the SBPA violates due process. However, legislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations. *Pension Ben. Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 729, 104 S.Ct. 2709, 2717–18, 81 L.Ed.2d 601 (1984) (quoting *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15–16, 96 S.Ct. 2882, 2892–93, 49 L.Ed.2d 752 (1976)). Rather, the burden is on plaintiff to establish that the legislature has acted in an arbitrary and irrational way. *Id.* (quoting *Turner Elkhorn*, 428 U.S. at 15, 96 S.Ct. at 2892).

Certainly, the amendment appears to be a response to *John Hancock Mutual Life Ins. Co. v. Harris Trust and Savings Bank*, 510 U.S. 86, 114 S.Ct. 517, 126 L.Ed.2d 524 (1993) which considered an insurer a fiduciary under ERISA. Prior to *Harris Trust*, the standing interpretation of the definition of ERISA came from a Department of Labor Bulletin stating that if an insurance company issues a contract or policy of insurance to an employee benefit plan and places the consideration in its general asset account, the assets in the account are not considered to be plan assets. Interpretive Bulletin 1975–2, 29 C.F.R. § 2509.75–2(b) (1992). Thus, insurers holding plan assets in their general accounts appeared to be excluded from the ERISA definition of fiduciary. In fact, plaintiff provides evidence that the legislature was responding to *Harris Trust*. Remarks of Rep. Roukema, NJ, 142 Cong. Rec. E389.

Plaintiff claims that retroactive implementation is arbitrary and irrational using the following reasoning: Congress adopted this amendment believing the insurance industry relied on the Department of Labor Interpretative Bulletin issued in 1992 to rule that plan assets held in an insurance company's general asset account would not be considered plan assets, *see* 1975-2, 29 C.F.R. § 2509.75-2(b) (1992); the Interpretative Bulletin could not have such an interpretation as demonstrated in *Harris Trust*; therefore, the amendment was irrational. This is illogical. Furthermore, plaintiff cites no cases to support that such a situation would warrant a finding that retroactive implementation would be considered arbitrary and irrational. It is entirely reasonable for Congress to change the law in response to court interpretation contrary to its intention. The court finds that on the facts of this case retroactive application of the SBPA does not violate due process.

As such, MassMutual's motions to dismiss the allegations of liability based on fiduciary and co-fiduciary status are granted.

2. *ERISA Liability From the Common Law Doctrine of Respondeat Superior* [3]

■ Plaintiffs contend that ERISA imposes liability on MassMutual by virtue of MassMutual's relationship with defendants NEBS and the Cordrys. Plaintiffs allege that NEBS and the Cordrys were MassMutual's agents, and that therefore, to the extent that NEBS and the Cordrys were fiduciaries of the plans, so was their principal, MassMutual. Defendants contend that (1) the SBPA amendment to ERISA section 401 excludes MassMutual from liability under any theory; and (2) the doctrine of respondeat superior is not applicable in an ERISA breach of fiduciary duty claim.

First, the amendment to ERISA section 401 does not clearly proscribe defining MassMutual as a fiduciary on other theories. As previously discussed, section 1002(21)(A) expressly identifies the persons or entities that may be sued under sections 1132(c) and 1109; however, this list does not include agents or principals of fiduciaries. Additionally, ERISA contains specific provisions which delimit the circumstances under which a fiduciary can be held liable for "a breach of fiduciary responsibility of another fiduciary with respect to the same plan." 29 U.S.C. § 1105.

Plaintiffs rely on several cases, including *American Fed'n of Unions v. Equitable Life Assurance Soc'y*, 841 F.2d 658, 665 (5th Cir. 1988). However, Ninth Circuit law is contrary to the *American Fed'n* case. *See Nieto v. Ecker*, 845 F.2d 868 (9th Cir.1988). In *Nieto*, trustees of a multiemployer pension plan brought an ERISA action against numerous defendants, including an attorney retained to represent the plan in collecting delinquent contributions from employers. The Ninth Circuit rejected the trustees' attempt to hold the attorney, a non-fiduciary, liable under section 1109(a) for a fiduciary's breach of duty. *Id.* The court noted that the civil enforcement provisions in ERISA " 'provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.' " *Id.* (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985)). Accordingly, the court found that section 1109(a) provides a remedy against fiduciaries alone, and that there is no basis for reading into that section a remedy against non-fiduciaries as well. *Id.*

Moreover, in *United Centrifugal Pumps v. Schotz*, No. C-89-2291-FMS, 1991 WL 274232, *5 (N.D.Cal. June 12, 1991), Judge Smith of this District granted a motion to dismiss an ERISA breach of fiduciary duty claim that based itself on the allegation that the defendant was a "vicarious fiduciary." The court ruled that, "nothing in ERISA suggests that Congress intended the wholesale importation of the common law of agency and vicarious liability into the fiduciary

---

**3.** Defendants allege that ERISA preempts plaintiffs' common law agency claims; however, plaintiffs have not made a common law agency claim but are instead alleging that common law agency doctrine may be used to define MassMu-

tual as a fiduciary liable under ERISA. Therefore, analysis of the preemption discussion is not necessary; rather, the focus is on whether the doctrine of respondeat superior may be used to define MassMutual as a fiduciary under ERISA.

provisions of the act." *Id.* The court also remarked that when the Ninth Circuit declined to hold a non-fiduciary liable under section 1109(a) for a fiduciary's breach of duty, it sent "a clear signal that expansion of ERISA actions through the application of common law doctrines should be avoided." *Id.*

Similarly, the court in *Walsh v. Emerson,* CIV. Nos. 88–952–DA and 88–1367–DA, 1990 WL 47319, *3 (D.Or. Jan. 19, 1990), rejected an attempt to define a party as a fiduciary under ERISA based on the doctrine of respondeat superior. The *Walsh* court followed the Ninth Circuit's remarks in *Gelardi v. Pertec Computer,* 761 F.2d 1323, 1325 (9th Cir.1985):

> ERISA anticipates that employees will serve on fiduciary committees but the statute imposes liability on the employer only when and to the extent that the employer himself exercises the fiduciary responsibility allegedly breached.

*Walsh,* 1990 WL at *3 (quoting *Gelardi,* 761 F.2d at 1325).

In *Moran v. Aetna Life Ins.,* 872 F.2d 296, 300 (9th Cir.1989), the court rejected use of the estoppel theory to allow a fiduciary to be sued under ERISA and refused to expand the definition of "administrator" in 29 U.S.C. section 1132(c) to include the defendant. In doing so, the court stated:

> We believe that the Supreme Court's refusal to expand the remedies available under ERISA in *Russell* precludes us from extending liability under section 1132(c) to other persons not named by Congress. The statute expressly identifies in section 1102(16) the persons or entities that may be sued under section 1132(c). We do not have the power to rewrite the statute to extend liability to a business entity that has mistakenly identified itself as the plan administrator by its agent.

*Id.* The same analysis applies to the case at hand. Plaintiffs request that 29 U.S.C. section 1002(21)(A) be expanded to include MassMutual, claiming that MassMutual is defined as a fiduciary by state common law agency principles, the doctrine of respondeat superior. However, to expand the definition would contradict the Ninth Circuit's strict construction of the liability provisions in ERISA. Therefore, defendant's motion to dismiss the claim based on the doctrine of respondeat superior is granted.

*CONCLUSION*

For the foregoing reasons: the motion to dismiss the claim of plaintiffs Polymeric Technology, Inc. and Cal–Neva Supply Co., Inc. is GRANTED; and the motion to dismiss the claims against MassMutual on the grounds that it is a fiduciary and/or co-fiduciary and on the basis of agency or respondeat superior is GRANTED. In view of this disposition and the fact that MassMutual is the only moving party, the court need not reach the remaining claims.

IT IS SO ORDERED.