**Kent SOO, Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC., Bob Herzog, and Does I through inclusive, Defendants.**

**No. C 99–03585 CRB.**

United States District Court, N.D. California.

Oct. 8, 1999.

Brian McCarthy, McCarthy Leonard & Spain, Dublin, CA, for plaintiff.

M. Kirby Wilcox, Rosemary M. Kirbach, E. Jeffrey Grube, Paul Hastings Janofsky & Walker, San Francisco, CA, for defendants.

## MEMORANDUM AND ORDER

BREYER, District Judge.

On October 1, 1999, the Court heard oral argument regarding why this case should remain in federal court and not be remanded to state court for lack of jurisdiction. Having carefully considered the papers submitted by the parties, and having had the benefit of oral argument, the Court REMANDS this action to the Superior Court for the County of San Francisco.

## BACKGROUND

Plaintiff filed his complaint in state court on May 24, 1999. The complaint alleges a single cause of action against both United Parcel Service ("UPS") and Bob Herzog ("Herzog") for retaliation in violation of the California Fair Employment and Housing Act ("FEHA"). UPS removed the case to federal court on July 23, 1999 on the basis of federal question and diversity jurisdiction. UPS contended that fed-

eral question jurisdiction was proper because the retaliation claim arose under and is preempted by the LMRA. UPS also contended that diversity jurisdiction was proper because plaintiff is a resident of California, UPS is a resident of Ohio and Georgia, and Herzog, although a resident of California, had not been served and, in any event, is a sham defendant whose residence has no affect upon jurisdiction.

On September 3, 1999, the Court heard oral arguments regarding UPS's motion to dismiss the retaliation claim based on preemption by the LMRA, failure to state a claim, and the statute of limitations. The Court ruled that plaintiff's claim was not preempted by the LMRA, and since there is no federal question jurisdiction, the Court ordered UPS to show cause why this case was properly removed on grounds of diversity jurisdiction.

## DISCUSSION

### I. *THE NON–DIVERSE DEFENDANT*

#### A. *Herzog's Non–Service*

■ UPS first claims that Herzog's residence is irrelevant to jurisdiction because he has not been served. In support of this proposition UPS cites 28 U.S.C. section 1441(b). UPS's reliance on section 1441(b) is misplaced. Diversity depends upon the citizenship of the parties named, not whether they have been served. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir.1969) (*citing Pullman Co. v. Jenkins*, 305 U.S. 534, 541, 59 S.Ct. 347, 83 L.Ed. 334 (1939)).

■ In *Cripps v. Life Insurance Company of North America*, 980 F.2d 1261 (9th Cir.1992), the Ninth Circuit held that only defendants who have been served may be counted for jurisdictional purposes in an *interpleader action*. *Id.* at 1266. However the *Cripps* court distinguished its facts from *Clarence Morris v. Vitek*: "That case [*Clarence Morris v. Vitek* ] held that a defendant could not ignore an unserved, nondiverse co-defendant in seeking to remove a case to federal court based on diversity. Because the party seeking re-

moval in Vitek had no control over who was served the danger of manipulation present here did not exist in Vitek." *Id.* at 1266 n. 4. Thus, complete diversity is defeated by joinder of a nondiverse codefendant even if he or she has not been served.

Both plaintiff Soo and defendant Herzog are residents of California. Therefore, removal is improper unless Herzog is a "sham" defendant and the amount in controversy exceeds $75,000.

### B. *Is Herzog a Sham Defendant?*

#### 1. *Legal Standard for Sham Defendants*

■ A defendant has the burden of proving that the requisite jurisdiction exists to support removal. *See Murakami v. E.L. DuPont De Nemours*, 1999 WL 701902 (9th Cir. Sept.9, 1999) (*citing Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992)). When a case is removed to federal court there is a strong presumption against federal jurisdiction. *See id.*

■ The joinder of a nondiverse defendant is fraudulent or a "sham" and does not defeat jurisdiction if the plaintiff fails to state a cause of action against the defendant, and the failure is obvious according to the settled rules of the state. *See McCabe v. General Foods Corporation*, 811 F.2d 1336, 1339 (9th Cir.1987) ("fraudulent joinder is a term of art"). A party is deemed to have been joined "fraudulently" if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Kalawe v. KFC National Management Co.*, 1991 WL 338566, *2 (D.Hawai'i July 16, 1991) (*citing Kruso v. International Telephone & Telegraph Corp., ITT*, 872 F.2d 1416, 1426 (9th Cir.1989)). Where fraudulent joinder is an issue, the court may go outside the pleadings, and the defendant may present facts showing that the joinder is fraudulent. *See Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1318 (9th Cir.1998). The defendant must

have the opportunity to show that the individuals joined cannot be liable on any theory. *See Kaminski v. Target Stores,* 1998 WL 575097, *2 (N.D.Cal. Sept. 4, 1998) (*citing Ritchey,* 139 F.3d at 1313).

### 2. *Herzog is Not a Sham Defendant*

a. Herzog may be personally liable.

Defendant UPS alleges that defendant Herzog is a sham defendant designed to destroy the Court's diversity jurisdiction. Defendant cites *Reno v. Baird,* 18 Cal.4th 640, 76 Cal.Rptr.2d 499, 957 P.2d 1333 (1998), for the proposition that supervisors are not personally liable under the FEHA for the discriminatory employment decisions of their employer, including decisions to terminate or suspend. Plaintiff uses the same case in support of the proposition that individual supervisors can be sued when the cause of action is retaliation, not discrimination.

■ Plaintiff Soo does not make a claim of discrimination under Government Code section 12940(a), the FEHA section interpreted by the Court in *Reno.* Plaintiff instead makes a claim of retaliation. Retaliation is addressed in a separate subsection of the FEHA, section 12940(f), which contains language that is different on this issue. Whereas section 12940(a) prohibits discrimination only by an "employer," section 12940(f) prohibits retaliatory employment decisions on the part of "employers" and "persons."

> It shall be an unlawful employment practice ... for any employer ... *or person* to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in an proceeding under this part.

Cal.Gov.Code. § 12940(f) (emphasis added). The California Court of Appeal has held that "as to supervisors, ... the language of FEHA is unambiguous in imposing personal liability for harassment or *retaliation* violation of FEHA." *Page v. The Superior Court of Sacramento County,* 31 Cal.App.4th 1206, 1212, 37 Cal. Rptr.2d 529 (1995) (emphasis added). While *Page* was decided before *Reno,* nothing in *Reno* undermines the *Page* court's reasoning. Indeed, a court in this district held after *Reno* that, "§ 12940(f), unlike the provision at issue in Reno, expressly imposes liability on individuals." *Kaminski v. Target Stores,* 1998 WL 575097, *2 (N.D.1998).

UPS attached to its brief an unpublished decision from the Superior Court for the County of San Francisco which interprets *Reno* differently. Nonetheless, because UPS has not demonstrated that it is a "settled rule of the state" that supervisors cannot be held personally liable for retaliatory employment decisions, Herzog is not a "sham" defendant.

b. Plaintiff has sufficiently alleged
a claim of retaliation against
Herzog.

Plaintiff alleges that defendant Herzog engaged in the following retaliatory actions in response to plaintiff filing various complaints alleging harassment and discrimination:

- Herzog initially fired plaintiff, then agreed with plaintiff's union to suspend plaintiff for three days. Herzog later increased the suspension to live days.

- Herzog failed to take appropriate disciplinary action against a driver who called plaintiff her "Indian slave" and "fucking lazy" and "harassed him all day long."

- On one occasion Herzog ordered a UPS supervisor to pull off plaintiff's regular stops and load "shag" and heavy bulk delivery stops on plaintiff's truck. This caused plaintiff to make deliveries all over the city instead of a discrete delivery area usually assigned to plaintiff. Plaintiff was unable to complete this route due to increasing back pain and dizziness.

Defendant alleges that Herzog is a sham defendant because plaintiff has not suffi-

ciently alleged any acts against him which rise to the level of adverse employment actions, a required element of a retaliation claim.

■ It is true as defendant urges that not every employment decision amounts to an adverse employment action. *See Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1465 n. 6 (9th Cir.1994) (questioning existence of "adverse" employment action where employee "was not demoted, or put in a worse job, or given any additional responsibilities") Mere ostracism in the workplace is not enough to show an adverse employment decision. *See Fisher v. San Pedro Peninsula Hosp.,* 214 Cal. App.3d 590, 615, 262 Cal.Rptr. 842 (1989) (finding that the existence of a hostile work environment could make employer liable for retaliation, but noting that ostracism does not amount to a hostile environment). However, California courts are vague with respect to the minimum standards for a claim of adverse employment, and in particular, whether an adverse employment action must be "tangible" in order to constitute retaliation under FEHA. As a result, the California courts look for guidance to the federal courts' treatment of the adverse action requirement in retaliation suits brought pursuant to Title VII. *See Flait v. North American Watch Corp.,* 3 Cal.App.4th 467, 4 Cal.Rptr.2d 522 (1992).

The Ninth Circuit has not yet provided clear guidance on the issue. In *Yartzoff v. Thomas,* 809 F.2d 1371 (9th Cir.1987), the Ninth Circuit states that employment decisions such as "transfers of job duties and undeserved performance ratings, if proven, would constitute 'adverse employment decisions' cognizable under Title VII." *Id.* at 1375. This holding suggests that an adverse action does not need to rise to the level of an "ultimate" employment decision in order to be actionable. *See Cellini v. Harcourt Brace & Company,* 51 F.Supp.2d 1028, 1038 (S.D.Cal.1999) (holding that although an adverse action need not be an "ultimate" employment decision in order to be actionable, a plaintiff must nevertheless demonstrate some adverse material effect upon the terms or conditions of employment). In *Steiner v. Showboat Operating Co.,* 25 F.3d 1459 (9th Cir.1994), the Ninth Circuit questioned the existence of an adverse employment action where an employee was transferred to a different work shift, but did not suffer any material detriment. *Id.* at 1465 n. 6 ("We note in addition that the transfer is just barely—if at all—characterizable as 'adverse' employment action: Steiner was not demoted or put in a worse job, or given any additional responsibilities.") The court did, however find that Steiner had established a prima facie case for retaliation stemming from three low marks on her employee evaluation. *See id.* at 1465.

■ Thus although the California courts and the Ninth Circuit are not explicit as to what satisfies the minimum requirements of an adverse employment decision, "to be actionable a plaintiff must demonstrate some adverse material effect upon the terms or conditions of employment stemming from the employer's actions in order to satisfy the adverse action requirement." *Cellini,* 51 F.Supp.2d at 1038.

■ Plaintiff has alleged instances in which defendant Herzog's actions may have had a material effect upon his employment. Plaintiff Soo alleges material detriment as he claims Herzog fired, suspended, and gave him more difficult and demanding workloads that were at times impossible to execute. Plaintiff has alleged facts which, if true, have the ability to materially affect his employment.

Accordingly, defendant has not met its heavy burden of proving that Herzog is a sham defendant. Defendant has failed to show that it is obvious according to the settled rules of the state that plaintiff has no possible cause of action against Herzog. If disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, it cannot be definitively said that plaintiff could not

possibly recover against defendant Herzog. Whether or not Soo prevails on the merits of his retaliation claim against defendant Herzog remains to be seen, but he has succeeded in pleading a prima facie case of retaliation in his complaint.

## II. *AMOUNT IN CONTROVERSY*

Because UPS is unable to meet its burden that Herzog is a sham defendant, the Court need not address UPS's argument regarding the amount in controversy.

## CONCLUSION

Defendant has not met its burden of proving that Herzog is a sham defendant. As both plaintiff and Herzog are California residents there is no diversity jurisdiction and the case is hereby REMANDED.

**IT IS SO ORDERED.**