NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GULLIVER'S TAVERN, INC. D/B/A
FOXY LADY,

          Appellant,

  v.

FOXY LADY, INC. D/B/A FOXY LADY
COFFEE,

          Appellee.

No.   24-5629

D.C. No.
3:23-cv-05027-TMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Tiffany Cartwright, District Judge, Presiding

Submitted March 12, 2026[**]
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and EZRA,[***] District Judge.

Appellant Gulliver's Tavern, Inc. d/b/a Foxy Lady ("Foxy Lady") appeals the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

denial of default judgment against Appellee Foxy Lady, Inc. d/b/a Foxy Lady Coffee ("FLC") on its claims for trademark infringement, unfair competition and related claims. We review the district court's factual findings for clear error, *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016), and review its denial of a motion for default judgment for abuse of discretion, *Eitel v. McCool, 782 F.2d 1470, 1471* (9th Cir. 1986). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not clearly err in finding that Foxy Lady's mark and FLC's marks were not sufficiently similar. The district court undertook a thorough review of the marks at issue and found that the differences in the marks were more numerous than their similarities, lessening the likelihood of confusion. *See GoTo.com v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000).

2. The district court did not clearly err in finding that the "proximity of the goods" factor in the likelihood of confusion test weighed in favor of FLC. The district court found the similarity of the goods factor slightly favored Foxy Lady, as both businesses attract customers by featuring scantily clad employees. However, the district court properly emphasized geographic isolation, concluding that a reasonable customer in Washington would not likely associate FLC's products with Foxy Lady's Rhode Island business. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999).

3. The district court did not clearly err in finding that Foxy Lady's mark was

"presumptively weak." The district court carefully considered the mark and found it to be suggestive and the fact that the mark had been used for over forty-five years did not change the analysis because it was not distinct in the relevant market—here, Western Washington. *See Brookfield Commc'ns*, 174 F.3d at 1058.

4. The district court did not clearly err in its application of the likelihood of confusion factors enumerated in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979). *See Levi Strauss & Co. v. Blue Bell, Inc.,* 778 F.2d 1352, 1355 (9th Cir. 1985) (holding that "henceforth the clearly erroneous standard should be applied in reviewing a trial court's determination concerning likelihood of confusion"). Because the district court reviewed the most important factors, including the similarity of the marks, it did not err by declining to consider the remaining factors. *See Brookfield Commc'ns*, 174 F.3d at 1054 ("[I]t is often possible to reach a conclusion . . . after considering only a subset of the factors.").[1]

5. Finally, the district court did not abuse its discretion in denying Appellant's motions for default judgment based upon its evaluation of the *Eitel* factors. *See Eitel*, 782 F.2d at 1471. The lack of meritorious claims and the insufficiency of the complaint are dispositive, s*ee Cripps v. Life Ins. Co. of N. Am.*,

---

[1] Because, for these reasons, the district court did not abuse its discretion in determining that Foxy Lady did not sufficiently plead infringement of its mark by FLC, we need not reach whether Foxy Lady has a presumptively exclusive right to use the mark nationwide.

3

980 F.2d 1261, 1267 (9th Cir. 1992), so the district court did not abuse its discretion by considering only these factors.

**AFFIRMED**.